IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MRJV, LLC § | |
| § | |
| vs. § | Civil Action No. 4:19-cv-04069 |
| § | (JURY) |
| AMERICAN ECONOMY INSURANCE § | |
| COMPANY § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant American Economy Insurance Company timely files this Notice of Removal pursuant to 28 U.S.C. § 1441(a), 28 U.S.C. § 1332(a), and 28 U.S.C. §1446(b), removing this action from the 80th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division, and in support thereof show as follows:

### A.   Introduction

1. Plaintiff commenced this lawsuit against Defendant in the 80th Judicial District Court of Harris County, Texas by filing its Original Petition on or about September 11, 2019. A true and correct copy of the Original Petition is attached hereto as Exhibit "A." Plaintiff served the Original Petition on Defendant American Economy Insurance Company on September 18, 2019. Alisha Sommer has not been served with suit but was also named as a Defendant in the State Court action. A true and correct copy of Defendant's Answer to Plaintiff's Original Petition, Defendant's Special Exceptions, and Defendant's Jury Demand filed on October 11, 2019 is attached hereto as Exhibit "B."

2. Defendant is filing this Notice of Removal within 30 days of their first receipt of Plaintiff's Original Petition as required by 28 U.S.C. § 1446(b).

3. Plaintiff seeks to recover damages in this lawsuit based on allegations of breach of contract, breach of the duty of good faith and fair dealing, and violations of the Texas Insurance Code resulting from the alleged conduct of Defendant. Plaintiff's claims arise under a policy of insurance on Plaintiff's commercial property issued by Defendant American Economy Insurance Company. Plaintiff's property is located at 620 South Mason Road, Katy, Harris County, Texas, which is alleged to have been damaged during Hurricane Harvey in August of 2017.

4. Plaintiff alleges numerous causes of action. However, its case boils down to an allegation that it was not paid by the insurance company to be sufficiently compensated for its alleged losses from Hurricane Harvey. To attempt to defeat the jurisdiction of this Court, Plaintiff has improperly joined Alisha Sommers as a Defendant. Sommers was the inside adjuster handling Plaintiff's claims. Plaintiff has no viable cause of action against Sommers because (1) American Economy Insurance Company has elected to accept whatever liability Alisha Sommers might have to the Plaintiff for her acts or omissions related to the Plaintiff's claim (See Exhibit "C").

**B.    Jurisdiction & Removal – Diversity of the Parties & Fraudulent Joinder**

5. This Court has jurisdiction in the case pursuant to 28 U.S.C. §1332, in that there is complete diversity of citizenship between the parties. Accordingly, statutory authority for the removal of this matter is conferred by 28 U.S.C. §§ 1441 and 1446.

6. Plaintiff is a for-profit Limited Liability Company formed in the State of Texas with its principal office in Harris County, Texas.

7. American Economy Insurance Company is a corporation organized under the laws of the State of Indiana, with its principal place of business in Seattle, Washington.

8. Defendant Sommers is an individual who resides in the State of Texas but who was improperly added as Defendant in this lawsuit to defeat federal subject matter jurisdiction based on diversity of citizenship.

9. The Federal Removal Statute specifies that suits arising under federal law are removable without regard to the citizenship of the parties, while other suits are removable "only if none of the parties in interest *properly* joined and served as defendants is a citizen in the State in which action is brought. 28 U.S.C. § 1441(b) (emphasis added). A court is to disregard the citizenship of parties which have been *improperly* joined.[1] The Federal Courts should not sanction devices intended to prevent the removal to a Federal Court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal Court as to permit the state courts, in proper cases, to retain their own jurisdiction. *Id.* at 573.

10. The Fifth Circuit has recognized that fraudulent [now referred to by the courts as "improper"] joinder may be established in one of two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Id.* at 573.

11. Defendant Sommers has been added improperly because Plaintiff cannot establish a cause of action against her in state court.

12. Plaintiff has asserted causes of action for violations of the Texas Insurance Code, against Sommers.

13. None of the actions are sustainable in state court. Texas Insurance Code Sec. 542A.006(a) states:

---

[1] *See Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 572-73 (5th Cir. 2004).

3

> Except as provided by Subsection (h), in an action to which this chapter applies, an insurer that is a party to the action may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant.

Sec. 542A.006(b) reads:

> If an insurer makes an election under Subsection (a) before a claimant files an action to which this chapter applies, no cause of action exists against the agent related to the claimant's claim, and, if the claimant files an action against the agent, the 5 court shall dismiss that action with prejudice.

14. As discussed, American Economy Insurance Company has filed an Election of Responsibility pursuant to Texas Insurance Code Sec. 542A.006(a). Therefore, no cause of action exists against the agent Ms. Sommers. As Plaintiff is unable to establish a cause of action against the non-diverse parties in state court, she has been fraudulently joined in this action.

15. Because Plaintiff cannot maintain a state court cause of action against Ms. Sommers, complete diversity of citizenship exists between the parties.

### C. Jurisdiction & Removal – Amount in Controversy Exceeds $75,000

16. Plaintiff's Petition states it is seeking monetary relief over $100,000.00. Therefore, the amount in controversy exceeds $75,000.00.

### D. Conclusion

17. Venue is proper in this district and division under 28 U.S.C. § 1441(a) because the state court where the action has been pending is located in this district and division.

18. Contemporaneous with the filing of this Notice of Removal, Defendant is filing a Notice of Filing Notice of Removal with the Clerk of Court for the 80th Judicial District Court of Harris County, Texas pursuant to 28 U.S.C. § 1446(d).

19. Attached hereto are all documents required by LR 81, USDC/SDTX Local Rules and 28 U.S.C. § 1446(a).

22. Plaintiff demanded a jury in the state court action. Defendant also requests a trial by jury pursuant to Rule 81(c)(3)(A), Federal Rules of Civil Procedure and LR 38.1, USDC/SDTX Local Rules.

23. All fees required by law in connection with this Notice have been tendered and paid by Plaintiff.

WHEREFORE, American Economy Insurance Company hereby removes the above-captioned matter now pending in the 80th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

**SHEEHY, WARE & PAPPAS, P.C.**

By: __/s/ *J. Mark Kressenberg*_____
J. Mark Kressenberg, attorney in charge
Fed. Adm. No. 7793
Texas State Bar No. 11725900
Dawn A. Moore
Fed. Adm. No. 558181
Texas State Bar No. 24040447
909 Fannin Street
Two Houston Center, Suite 2500
Houston, Texas 77010-1003
713-951-1000 Telephone
713-951-1199 Telecopier

**ATTORNEYS FOR THE DEFENDANT**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above foregoing instrument has been forwarded via e-filing in accordance with the Federal Rules of Civil Procedure on this the 17th day of October, 2019, to the following counsel of record:

Ryan K. Haun
D. Douglas Mena
Huan Mena, PLLC
3006 Brazos Street
Houston, Texas 77006
(713) 781-8601 – Fax
Email: ryan@haunmena.com
doug@haunmena.com

                                            /s/ *J. Mark Kressenberg*_____
                                            J. Mark Kressenberg

3598553_1